## COUNTY OF YANKTON v. FAULK.

*1. FINES:* PROCEEDS: APPROPRIATION. It is within the power of the Territorial Legislature to provide that all fines, penalties and forfeitures for any criminal offense committed within an incorporated city, shall, when collected, be paid into the city treasury of such city, to the credit of the Board of Education, a body corporate created by special charter, to control the public schools within such city.

*Appeal from Yankton County District Court.*

LARGE sums of money having been paid into the District Court of Yankton county, and in the hands of the clerk, A. J. Faulk,—the proceeds of fines imposed by said court upon parties convicted of crimes and misdemeanors committed within the City of Yankton, said county, mostly arising under the statute regulating the sale of intoxicating liquors— were claimed both by the county and by the Board of Education of the City of Yankton, a body corporate created by

special charter to control the public schools of said city; and the county officials and officers of said Board, respectively, claimed and demanded said funds of the clerk.   In order that the clerk might be directed in the disposal of said funds, two agreed cases were made between the county and the clerk, under the provisions of section 294, Code of Civil Procedure, (section 718, New Code) in which the Board of Education was permitted to intervene.   The matter was heard in the District Court, and judgments entered, *pro forma*, in favor of the county, from which the Board appealed.

The statutes governing the matter in controversy are referred to in the opinion, and the two cases, for the purposes of the decision, are treated as one.

*Bartlett Tripp*, for appellant.

*Phil K. Faulk*, District Attorney, for the county.

SHANNON, C. J.—The record shows that the Board of Education of the City of Yankton, claiming the fines in controversy, was made a party; and the case was submitted to the District Court, without action, under the provisions of section 294 of the Code of Civil Procedure.   Upon the facts as agreed upon, the District Court, deeming it proper that the opinion of this court should be obtained, directed that *pro forma* judgments should be entered against the defendant and in favor of the county of Yankton, and that the defendant be ordered to pay the moneys to the treasurer of the county for the use of the common schools therein.

From these *pro forma* judgments the Board of Education appealed, and we are thus called upon to decide to which party the defendant is justifiable in paying over the funds held by him.   He is, of course, bound to pay only to the party that has the legal right to receive.

By the act relating to Criminal Procedure of 1862, section 170, all fines were to be paid into the treasury of the county, for the use of the county, unless otherwise specially directed. It was afterwards specially provided by act of January 8, 1868, (chapter XXX, section 8) that money collected for fines

for illegal sales of spirituous liquors, should, except taxable costs, be paid to the treasurer of the proper county for the use of the common schools therein. Such net moneys were thus directed from general purposes to a particular use.

Upon careful investigation it now appears that the above disposition of said fines, as contained in section eight, continued to be the law on the subject until the session of 1874–5, notwithstanding the legislative opinion to the contrary.* At the last named session (pages 32–3, chap. XXI, § 2), conceiving that section eight of the old law had in some way been repealed, the Assembly revived and re-enacted it.

The laws as to the disposition of fines thus stood, with certain modifications not essential in this case to be noticed, until the act of January 6, 1875, by which the Board of Education for the City of Yankton was created. By section 27 of said act it was declared that " all fines, penalties, and for-" feitures, for the violation of any city ordinance of said city, " and all fines, penalties and forfeitures, *for any criminal* " *offense committed within said city*, shall, when collected, be " paid by the officers receiving the same, into the city treasury " to the credit of said Board of Education, and subject to " their order as other moneys raised pursuant to the provi-" sions of this act."

Does this section give the Board the right to claim and receive the moneys in controversy? The offenses upon which these defendants were convicted, were committed within the city, although prosecuted in the District Court at the expense of the county. But no matter what our views may be as to the policy or wisdom of diverting funds for the general use of public schools, or for the general use of a county, into the hands of a particular corporation or district, we must unhesitatingly adopt the rules and maxims of interpretation applicable to the case. We must construe this section, in connection with previous enactments on the subject, by what is contained in it, in clear and precise terms, and not go elsewhere in search of conjectures in order to restrain, extinguish, or elude it.

*A Legislature cannot authoritatively interpret, or declare what the law is, or has been, but only what it shall be. See Potter's Dwarris on Statute, page 111 note 8.

DECEMBER TERM, 1876. 351

We must, therefore, decide that the moneys collected, after deducting taxable costs of the prosecution not paid by the defendants, be paid by the defendant into the city treasury to the credit of the Board of Education.

The judgments of the District Court are accordingly reversed, and judgment is directed to be entered against the defendant, in each case, and in favor of the Board of Education of the City of Yankton, and the cause is remanded with directions to proceed according to this opinion.

Justice BENNETT present and concurring.